833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin O. MODEEN, Jr., Plaintiff-Appellant,
v.
Richard P. SEITER; David Schwarz; Arthur Tate, Jr.;
Charles R. Griffin; Ralph E. Coyle; John
Kinkela, Defendants-Appellees.
 No. 87-3598.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1987.
 
 Before MERRITT, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of defendants' motion to dismiss the appeal as moot. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff appeals from the June 2, 1987 judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983, in which he alleged that defendants denied him the right to marry. The district court dismissed the complaint on the ground that plaintiff, a prisoner, has no constitutional right to marry while incarcerated. Hudson v. Rhodes, 579 F.2d 46 (6th Cir.1978) (per curiam), cert. denied, 440 U.S. 919 (1979). However, the Supreme Court had, one day earlier, determined that a prisoner does retain the right to marry which may be restricted only by conditions reasonably related to penological interests. Turner v. Safley, 482 U.S. ----, 96 L.Ed.2d 64, 84-85, 107 S.Ct. 2254, 2265-67 (1987). We must vacate the judgment of the district court because defendants' unconditional denial of plaintiff's right to marry was more restrictive than the regulation held unduly burdensome in Turner v. Safley.
 
 
 3
 Defendants move to dismiss the appeal as moot because defendants' regulation of prisoners' right to marry has changed after Turner v. Safley, although they do not claim that plaintiff has in fact married. Defendants also claim that they are entitled to qualified immunity from liability in damages under Mitchell v. Forsyth, 472 U.S. 511 (1985). We deny the motion to dismiss because remand to the district court is necessary, and the arguments raised by defendants are more appropriately addressed to the district court in the first instance. See St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 537-38 (1978).
 
 
 4
 Therefore, defendants' motion to dismiss is denied; the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings consistent with this order.